UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DENNIS J. SUITER, | ) |
| Plaintiff | ) |
| vs. | ) CAUSE NO. 3:06-CV-197 RM |
| JOHN R. VANNATTA, | ) |
| Defendants | ) |

OPINION AND ORDER

Dennis Suiter, a prisoner confined at the Miami Correctional Facility ("MCF"), submitted a complaint under 42 U.S.C. § 1983, alleging that MCF officials violated his federally protected rights by not protecting him from being assaulted by another inmate, by denying him adequate medical treatment for his injuries, and by allowing other inmates to steal his property. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Suiter brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Suiter alleges that the defendants did not protect him from being attacked by other inmates and denied him medical care in violation of the Eighth and Fourteenth Amendments. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *id.* at 535 n. 16. Because Mr. Suiter was a

convicted felon at the time these incidents occurred, the court will consider his claims under the Eighth Amendment rather than the Fourteenth Amendment.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical care cases, the Eighth Amendment test set forth in Farmer v. Brennan and Wilson v. Seiter is expressed in terms of whether there was deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Because deliberate indifference is comparable to criminal recklessness, Farmer v. Brennan, 511 U.S. at 837, a plaintiff must demonstrate more than inadvertence or negligence. Billman v. Indiana Department of Correction, 56 F.3d 785 (7th Cir. 1995). He must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992), *citing* McGill v. Duckworth, 944 F.2d 344 (7th Cir. 1991). The defendant must have known of and disregarded an "excessive risk" to the inmate's health or safety. Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994), *quoting* Farmer v. Brennan, 511 U.S. at 837-838.

Mr. Suiter alleges that he was having problems with his cellmate. He states that he informed Correctional Officer Prater, Counselor Owens, and other prison officials that he was in danger from his cellmate and requested that he be moved.

3

But, according to Mr. Suiter, none of the prison officials acted on his warnings, and on March 24, 2004, his cellmate attacked and injured him.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. at 73. Giving Mr. Suiter the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Eighth Amendment failure claim that prison officials failed to protect him from being injured.

Mr. Suiter says that after the attack, prison officials sent him to the Wishard Memorial Hospital in Indianapolis, where an x-ray and M.R.I. established that his jaw was broken. Mr. Suiter alleges that immediately after the x-ray and M.R.I., he was returned to the MCF. Because Mr. Suiter could not chew solid food, he was placed on a liquid diet for seventy-two hours. Prison officials also gave him pain medication for nine days.

Mr. Suiter states that when the orders for a liquid diet and pain medication expired, he remained in pain and was unable to chew solid food. Mr. Suiter complained numerous times and eventually was scheduled to see medical staff, who told him "that the liquid diet and pain medication would not be renewed [and] that he would have to get by the best he could." (Complaint at p. 7). Moreover, the defendants delayed treatment for his broken jaw for fifteen days, resulting in the jaw healing improperly. Prison officials sent Mr. Suiter to the hospital where doctors had to re-break his jaw and reset it.

A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997). Mr. Suiter had a serious medical need, and giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Eighth Amendment claim that the defendants delayed treatment for fifteen days and left him in pain and unable to eat.

Finally, Mr. Suiter states that MCF officials "failed to lock and secure his cell and all of his personal belongings [were] stolen while he was gone to Wishard Memorial Hospital." (Complaint at p. 7). He seek damages from Correctional Officer Randall for the loss of his personal property.

The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law," but there is no loss of property without due process of law if a state provides an adequate postdeprivation remedy for the loss. Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517 (1984). The Indiana tort claims act provides a sufficient remedy for loss of personal property. Hossman v. Spradlin, 812 F.2d 1019, 1023 (7th Cir. 1987); Wilson v. Civil Township of Clayton, 839 F.2d 375 (7th Cir. 1988). Accordingly, the court will dismiss Mr. Suiter's Fourteenth Amendment property claim without prejudice to his ability to seek relief in state court.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants VanNatta, Owens, Prather, Tuley, Grinslade, Barr, Pax, Dotty, Frye, Miles, and Covert for damages in their personal capacities, and for declaratory relief in their official capacities, on his Eighth Amendment claims that they failed to protect him from being attacked by another inmate and were deliberately indifferent to his serious medical needs;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); DISMISSES defendant Randall and DISMISSES all claims other than the Eighth Amendment failure to protect and denial of medical treatment claims. The court DISMISSES the plaintiff's property claims without prejudice to his ability to seek relief in state court;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that defendants VanNatta, Owens, Prather, Tuley, Grinslade, Barr, Pax, Dotty, Frye, Miles, and Covert respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendants VanNatta, Owens, Prather, Tuley, Grinslade, Barr, Pax, Dotty, Frye, Miles, and Covert on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: May 19 , 2006

                                               /s/ Robert L. Miller, Jr.
                                               Chief Judge
                                               United States District Court