UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DENNIS J. SUITER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CV-197 RM |
| ) | |
| JOHN R. VANNATTA, *et al*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Dennis Suiter, a prisoner confined at the Miami Correctional Facility, filed (and the court screened) a complaint under 42 U.S.C. § 1983, alleging that prison officials violated his federally protected rights. One of the defendants, Nurse Dotty Cook,[1] has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Mr. Suiter's complaint does not allege any personal involvement on her part. Mr. Suiter has not responded to the motion to dismiss. For the reasons stated, the court grants the dismissal motion.

When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972). The court must accept the well-pleaded factual allegations as true, and "construe such allegations in favor of the plaintiff." Sherwin Manor Nursing Ctr. v. McAuliffe, 37 F.3d. 1216, 1219 (7th Cir. 1994). Although ambiguities in the complaint should be interpreted in the plaintiff's favor, Canedy v. Boardman, 16 F.3d 183, 188 (7th Cir. 1994), the court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of

---

[1] The complaint identifies this defendant as "Nurse Dotty." Nurse Cook has advised the court that her correct full name is Dotty Cook.

the complaint, Coates v. Illinois State Bd. of Educ., 559 F.2d 445, 447 (7th Cir. 1977), or ignore factual allegations set forth in the complaint that undermine the plaintiff's claim. City Nat'l Bank of Florida v. Checkers, Simon & Rosner, 32 F.3d 277, 281 (7th Cir. 1994).

Nurse Cook asserts that Mr. Suiter's complaint does not mention her by name in the body of the complaint. Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. Benson v. Cady, 761 F. 2d 335, 339 (7th Cir. 1985).

The complaint names twelve defendants and contains forty-eight rhetorical paragraphs. Review of the complaint establishes that Mr. Suiter makes specific allegations against other defendants, including three other nurses, and seeks specific relief from each of the other defendants by name. Given the detail of the complaint, that Mr. Suiter did not make specific allegations against Nurse Cook suggests that she lacks personal involvement in his claims. If she is a nursing supervisor, she does not become personally involved in the acts of nurses she supervises becuse the doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

For the foregoing reasons, the court GRANTS defendant Dotty Cook's motion to dismiss (docket #38), and DISMISSES her from this complaint.

SO ORDERED.

ENTERED: September  12 , 2006


                                              /s/ Robert L. Miller, Jr.
                                        Chief Judge
                                        United States District Court