UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DENNIS J. SUITER,            ) | |
|             ) | |
|     Plaintiff    ) | |
|             ) | |
|     vs.       ) | CAUSE NO. 3:06-CV-197 RM |
|             ) | |
| JOHN R. VANNATTA, *et al.*,    ) | |
|             ) | |
|     Defendants   ) | |

OPINION AND ORDER

Dennis Suiter, a prisoner committed to the Indiana Department of Correction ("IDOC"), submitted a complaint under 42 U.S.C. § 1983, alleging that Miami Correctional Facility officials violated his federally protected rights. The court court screened the complaint pursuant to 28 U.S.C. § 1915A, dismissed one defendant, and allowed Mr. Suiter to proceed against defendants John VanNatta, Kenneth Owens, J. Prather, Janet Tuley, T. Grinslade, Chad Barr, Nichol Pax, Dotty Cook, Lynn Frye, Thelma Miles, and Sandy Covert on his Eighth Amendment claims that they failed to protect him from being attacked by another inmate and were deliberately indifferent to his serious medical needs. The court later dismissed defendant defendant Cook pursuant to Fed. R. Civ. P. 12(b).

Defendants VanNatta, Owens, Prater, Tuley, Grinslade, and Frye, ("State defendants")[1] have filed a motion for summary judgment directed at the question of whether Mr. Suiter exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a); the remaining defendants ("medical defendants") have joined that motion. Mr. Suiter has responded. For the reasons that follow, the court grants the defendants' summary judgment motion in part and denies it in part.

---

[1] The State defendants also identify a "Calfee (named Calfee in the complaint)" as a State defendant. But it does not appear that Calfee is a defendant in this case.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
>    . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), quoting Porter v. Nussle, 534 U.S. 516, 122 (2002). "For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" Burrell v. Powers, 431 F.3d. 282, 285 (7th Cir. 2005), quoting Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

Exhaustion of administrative remedies is a condition precedent to suit in federal court. Perez v. Wisconsin Dept. of Corrections, 182 F.3d at 335.

Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. Massey v. Wheeler, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. Perez v. Wisconsin Dept. of Corrections, 182 F.3d at 534.

In support of their summary judgment motion, the defendants submit the affidavit of Grievance Specialist Amy Clark, which establishes that the IDOC had a grievance procedure in effect when the incidents Mr. Suiter complains of occurred, and that these incidents were grievable. She also states that she has examined Mr. Sutier's records and found no grievances dealing with a failure to protect him from being assaulted or that correctional staff denied him access to medical staff after his assault.

Because the defendants met their initial obligation under Fed. R. Civ. P. 56, the burden shifts to Mr. Suiter to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether he exhausted his administrative remedies as to the claims he presents in this action. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Mr. Suiter responds by submitting two grievances that he took from step one through step five of the grievances system that was in effect at the time of the events of which he complains.[2]

---

[2] Mr. Suiter also submits non-grievance documents, but these have no bearing on whether he exhausted his administrative remedies for the purpose of 42 U.S.C. § 1997e.

The defendants concede that Mr. Suiter exhausted his administrative remedies as to one claim, but assert that the complaint also contains unexhausted claims. They argue that the "total exhaustion" rule several circuits have adopted requires dismissal of the entire complaint when a prisoner has not exhausted at least one of the issues presented. The United States Supreme Court disapproved the "total exhaustion" rule in Jones v. Bock, 2007 U.S. LEXIS 1325, decided January 22, 2007. In Jones, the Supreme Court directed district courts to review prisoner complaints using a claim-by-claim approach, dismissing whatever claims were not exhausted and allowing prisoners to proceed on exhausted claims.

Mr. Suiter submits a grievance, identified as Log ID Number 2004-5-141, which dealt with medical treatment. In step one, which he filed on April 22, 2004, Mr. Suiter noted that his jaw was broken, that he was told by a doctor that they had a seven day window within to fix his jaw, and that nothing had been done to treat his jaw and that his pain pills had run out. The official response was that the grievance specialist was "unable to obtain a response from necessary staff at this time, proceed to STEP 2." Mr. Suiter proceeded through all five steps of the grievance procedure. In his response to the final step, defendant Dr. Dean Reiger, M.D., stated that "all I can do is express my regret. You should have been provided with necessary analgesia during that period."

The defendants concede that Mr. Suiter exhausted his general medical treatment claim, which is the claim addressed in this grievance. But the defendants assert that nothing in this or any other grievance suggest that any mon-medical defendant interfered with Mr. Suiter's access to medical treatment.

4

In ¶ 25 of his complaint, Mr. Suiter alleges that each time he tried to speak to medical staff at the service building, "he was denied access to medical by Correctional Officer[s] Tuley and Grinsdale." The grievance submitted by Mr. Suiter does not assert that these, or any other, correctional officials denied him access to medical staff. None of Mr. Suiter's grievances suggested that Officers Tuley and Grinslade or anyone else were denying him access to medical staff—he asserted only that the medical staff did not treat his jaw and allowed his pain medication to lapse.

A major purpose of the exhaustion requirement is to give prison officials a heads-up on an inmate's problems and provide them an opportunity to correct those problems. Were there a hint in Mr. Suiter's grievance that correctional staff were denying him access to medical staff, the court might well determine that he had exhausted his administrative remedies. But his submissions do not place prison officials on notice that anyone is blocking his access to the medical staff, and he has not met his exhaustion requirement as to this claim.

Mr. Suiter alleges in his complaint that he advised Officer Prater before being assaulted that he was having problems with Inmate Markland, the inmate who later attacked him, but that Officer Prater said that he couldn't do anything to resolve the problem. He also alleges that Counselor Owens did not act on a request for interview in which he asked Counselor Owens to approve a "bed move" that would have gotten him away from Mr. Markland The defendants assert that Mr. Suiter never grieved these defendants' alleged failure to protect him from Mr. Markland's attack.

5

In his response to the defendants' summary judgment motion, Mr. Sutier submits a grievance, identified as Log ID Number 2004-5-142. In step one, which he filed on April 22, 2004,[3] Mr. Suiter asserts that when he was sent to Wishard Hospital after being attacked and injured, the officers on the unit did not inventory his belongings and that most or all of his property was lost or stolen while he was in the hospital.

This grievance, the rewritten grievance, and the grievance appeals Mr. Suiter filed when his initial grievance was denied, all deal with loss of property—not with any official's failure to protect him from being attacked by Mr. Markland. Even giving Mr. Suiter the benefit of every doubt, the court cannot conclude that this grievance afforded prison officials notice that Mr. Suiter believed any prison official acted improperly by failing to take action to prevent him from being assaulted.

Finally, Superintendent VanNatta asserts that Mr. Suiter does not allege that he had any personal involvement in the events he alleged violated his federally protected rights. Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. Benson v. Cady, 761 F. 2d 335, 339 (7th Cir. 1985). To state a claim under the Eighth Amendment, a plaintiff "must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for [his] welfare in the face of serious

---

[3] On May 21, 2004, Grievance officials returned this grievance to Mr. Suiter to be rewritten because they didn't believe it contained all the required information. Mr. Suiter resubmitted this grievance on May24.

risks." <u>McNeil v. Lane</u>, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted). The doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. <u>Chavez v. Illinois State Police</u>, 251 F.3d 612, 651 (7th Cir. 2001); <u>Moore v. State of Indiana</u>, 999 F.2d 1125, 1129 (7th Cir. 1993).

The only exhausted claim is that Mr. Suiter did not receive sufficient pain medication and adequate medical treatment for his injuries. Mr. Suiter does not allege that Supt. VanNatta had any personal involvement in his medical treatment, and a prison superintendent is not "directly involved in the day-to-day operation of the prison hospital such that he would have personally participated in, or have knowledge of, the kinds of decisions that lead to the delay in treatment complained of by [the plaintiff]." <u>Duncan v. Duckworth</u>, 644 F.2d 653, 656 (7th Cir. 1981).

For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment directed at the question of exhaustion (docket #49) in part and DENIES it in part. The court:

    1. DENIES summary judgment on the question of denial of medical care by defendants Chad Barr, Nichol Pax, Lynn Frye, Thelma Miles, and Sandy Covert, and that claim remains before the court;

    2. GRANTS the motion for summary judgment on the plaintiff's claim that defendants Janet Tuley, and T. Grinslade denied him access to medical personnel, GRANTS summary judgment on the plaintiff's claim that defendants Kenneth

7

Owens and J. Prater failed to act to protect him from being attacked, and DISMISSES those claims and defendants Tuley, Grinslade Owens and Prater without prejudice pursuant to 42U.S.C. § 1997e(a);

3. DISMISSES defendant John R. VanNatta for lack of personal involvement; and

4. LIFTS the stay on discovery. All discovery shall be initiated by May 4, 2007, and any dispositive motions directed at the merits shall be filed by July 9, 2007.

SO ORDERED.

ENTERED: January  30 , 2007

  /s/ Robert L. Miller, Jr.  
Chief Judge  
United States District Court